UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERENCE M. KEARNEY, | No. 3:13-cv-00352-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| ASSET ACCEPTANCE LLC, | |
| Defendant. | |

Terence M. Kearney
Email: kearneytk@yahoo.com
P.O. Box 1207
Scappoose, OR 97056

    Pro Se Plaintiff

Jeffrey I. Hasson
Email: hasson@dhlaw.biz
Davenport & Hasson, LLP
12707 N.E. Halsey Street
Portland, OR 97230
Telephone: (503) 255-5352
Facsimile: (503) 255-6124

    Attorney for Defendant

Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Before the Court is Defendant Asset Acceptance LLC's ("Defendant") motion to dismiss Plaintiff Terence Kearney's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). Defendant contends that: (1) Plaintiff lacks standing; (2) this Court lacks personal jurisdiction over Defendant due to insufficient service of process; and (3) Plaintiff has failed to state a claim upon which relief can be granted. For the reasons that follow, Defendant's motion (Docket No. 5) to dismiss should be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff brought this action pro se on March 1, 2013, alleging claims against Defendant for violations of § 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and intentional infliction of emotional distress ("IIED"). Plaintiff also seeks: (1) equitable relief and civil penalties for violation of Oregon's Unlawful Debt Collection Practices Act ("UDCPA"), OR. REV. STAT. §§ 646.639-.643, even though he do not include a UDCPA claim in his complaint; and (2) fines of $10,000 against David DeBlasio ("DeBlasio") and Chris O'Neill ("O'Neill"), payable to the Oregon State Bar Client Security Fund. Plaintiff refers to DeBlasio and O'Neill (who are not named as defendants) as Defendant's counsel and claims that they "ignor[ed] previous injunctions for [the] same violations." (Compl. at 26.)

Page 2 - FINDINGS AND RECOMMENDATION

Plaintiff's complaint consists almost entirely of general information regarding Defendant's debt collection practices. Plaintiff appropriately refers to Defendant as a "debt buyer," meaning it "purchases consumer debts that have been written off by the original creditor, generally acquiring the debts for a fraction of the balance, and then attempting to collect on the entire debt." *Donnelly-Tovar v. Select Portfolio Servicing, Inc.*, No. 8:12-CV-203, 2013 WL 791153, at *9 n.3 (D. Neb. Mar. 4, 2013). Since "a debt buyer has no ongoing relationship with the consumer and no incentive to create goodwill, a case involving a debt buyer, as opposed to the entity that actually extended credit to the consumer, raises [a variety of] concerns" about the methods employed to collect the debt. *Id.*

Responding to such concerns, the Federal Trade Commission ("FTC") recently sued Defendant in the Middle District of Florida, alleging violations of § 5 of the FTC Act and the FDCPA. *McMahon v. LVNV Funding, LLC*, No. 12-CV-1410, 2012 WL 2597933, at *2 (N.D. Ill. July 5, 2012). The gist of the FTC complaint was that

> [m]any consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

Page 3 - FINDINGS AND RECOMMENDATION

*Delgado v. Capital Mgmt. Serv. LP*, 2013 WL 1194708, at *5 (C.D. Ill. Mar. 22, 2013). The same day the complaint was filed, Defendant and the FTC entered into a consent decree under which Defendant would be obligated to pay $2.5 million and "include the following language in all subsequent collection letters in which [it] knew that the statute of limitations on the debt had expired: 'The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.'" *McMahon*, 2012 WL 2597933, at *2.

Plaintiff devotes more than ninety-five paragraphs of his complaint—nearly ninety-seven percent of the entire pleading—to parroting allegations such as those raised in the lawsuit filed by the FTC. The first allegation that actually pertains to an interaction between Defendant and Plaintiff, as opposed to consumers generally, appears in paragraph ninety of Count Ten (IIED), which states:

> Defendant[] intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

(Compl. ¶ 90.) The only other allegation of this nature appears in paragraph ninety-eight of Plaintiff's request for civil penalties: "The uncontested record establishes Defendant violated these statutory provisions when it communicated with Plaintiff's Marina Manager at his moorage and communicated with other parties at Plaintiff's [p]revious [m]arina without Plaintiff's permission." (Compl. ¶ 98.)

Page 4 - FINDINGS AND RECOMMENDATION

On the same day the complaint was filed, Plaintiff personally served the summons and complaint on Patricia Sitter ("Sitter") of the law firm Harrington, Anderson & DeBlasio ("Harrington"). One week later, on March 8, 2013, Plaintiff filed a summons returned executed as to Defendant.

On May 8, 2013, Defendant moved to dismiss Plaintiff's complaint in its entirety, noting among other things that Plaintiff served the summons and complaint on Harrington, who "is not the registered agent of [Defendant]." (Def.'s Mem. Supp. at 5.) Over the course of the next month and a half, Plaintiff sought and received a new summons from the Clerk of Court in order to properly serve Defendant. He did not, however, meet his May 28, 2013 deadline to respond to Defendant's motion to dismiss. As a result, on June 24, 2013, the Court convened a telephone conference to inquire as to the status of the newly-issued summons and any opposition to the pending motion.

During the June 24, 2013 status conference, the Court granted Plaintiff's *nunc pro tunc* motion for an extension of time in which to respond to Defendant's motion and set a new deadline of July 1, 2013, and Defendant's counsel, Jeffrey Hasson ("Hasson"), stated that he would accept service on behalf of his client. Later that same day, the Clerk of Court mailed Plaintiff a copy of the minutes of proceedings, as well as an advice notice and scheduling order. Four days later, on June 28, 2013, Plaintiff personally served the summons and complaint on Hasson at the offices of Davenport & Hasson, LLP. On July 1, 2013, Plaintiff timely filed his response to Defendant's motion to dismiss and the summons was returned as executed.

Page 5 - FINDINGS AND RECOMMENDATION

## II. DISCUSSION

As should be clear from what the Court has said thus far, the sufficiency of Plaintiff's service of process is no longer an issue. As a result, Defendant's motion to dismiss for lack of personal jurisdiction based on insufficient service of process is deemed moot.

The Court will begin by addressing Defendant's argument that Plaintiff lacks Article III standing because it concerns the threshold issue of subject matter jurisdiction. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (explaining that the Supreme Court has rejected the doctrine of "hypothetical jurisdiction," whereby a federal court assumes subject matter jurisdiction for the purpose of reaching the merits); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.")[1]

"The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In deciding a Rule 12(b)(1) "motion to dismiss for lack of standing, a district court must accept as true all material allegations in the complaint, and must construe the complaint in the nonmovant's

---

[1] The Ninth Circuit has recognized "that, at times, [subject matter] jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits." *Orff v. United States*, 358 F.3d 1137, 1150 (9th Cir. 2004) (internal quotation marks omitted), *aff'd*, 545 U.S. 596 (2005). That is not the case here.

Page 6 - FINDINGS AND RECOMMENDATION

favor." *Id.* The "court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of [subject matter] jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

In accordance with the district court's duty to construe pro se pleadings liberally, courts have treated allegations set forth in a pro litigant's response brief as if they were asserted in an affidavit. *See, e.g., Smallwood v. NCSOFT*, No. 09-00497, 2010 WL 727715, at *6 (D. Haw. Feb. 26, 2010) (considering jurisdictional facts alleged in opposition to motion to dismiss because the pro se plaintiff had personal knowledge of those facts and could have submitted an affidavit).

"Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler*, 598 F.3d at 1122 (citing Erwin Chemerinsky, Federal Jurisdiction § 2.3.1, at 57 (5th ed. 2007). The "irreducible constitutional minimum" of standing contains three elements, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992):

> First, the plaintiff must prove that he suffered an 'injury in fact,' i.e., an 'invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.' Second, the plaintiff must establish a causal connection by proving that h[is] injury is fairly traceable to the challenged conduct of the defendant. Third, the plaintiff must show that h[is] injury will likely be redressed by a favorable decision.

*Chandler*, 598 F.3d at 1122 (internal citations omitted).

In this case, Plaintiff has alleged sufficient facts to establish an injury in fact, causation, and redressability. In his opposition to Defendant's motion to dismiss, Plaintiff alleges that

Page 7 - FINDINGS AND RECOMMENDATION

Defendant violated the terms of the consent decree with the FTC by commencing a time-barred debt collection proceeding against him, presumably in Oregon state court.[2] Plaintiff also alleges that Defendant: (1) failed to investigate or provide information to Plaintiff regarding the accuracy of his debt; (2) initiated the debt collection proceeding without disclosing information regarding the timeliness of such an action; (3) reported negative credit information to the three credit reporting agencies, even though Defendant knew the information was inaccurate; (4) failed to provide written notice to Plaintiff about the furnishing of negative credit information; (5) "failed to provide a response to Plaintiff's written request of notification of a dispute regard[ing] [his] alleged debt"; and (7) "communicated about a debt with persons other than [Plaintiff] . . . without [his] permission," e.g., the manager of Plaintiff's marina, thereby causing "Plaintiff distress [and] uncertainty [in] regards [to] retaining a slip and maintaining a residence." (Pl.'s Opp'n at 12.) In light of these allegations, Defendant's motion to dismiss should be denied to the extent it challenges Plaintiff's standing.

As to the Court's statutory power to adjudicate the case, district courts generally have original jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) "where the matter in controversy exceeds the sum or value of $75,000" and there is

---

[2] Plaintiff states that the debt collection proceeding was commenced in "the District Court of Oregon." (Pl.'s Opp'n at 2.) However, a search of the Court's electronic filing system did not reveal another lawsuit involving these parties.

Page 8 - FINDINGS AND RECOMMENDATION

complete diversity of citizenship. 28 U.S.C. § 1332(a). Plaintiff's FDCPA and FCRA claims fall squarely within the Court's federal question jurisdiction under § 1331.

Lastly, the Court will address Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009). "While a complaint attacked [under] Rule 12(b)(6) . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets deleted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Unlike Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff's complaint is lacking in case-specific factual

Page 9 - FINDINGS AND RECOMMENDATION

allegations. The only allegations that appear to concern Defendant's treatment of Plaintiff are the following:

> Defendant[] intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.
>
> . . . .
>
> Defendant violated these statutory provisions when it communicated with Plaintiff's Marina Manager at his moorage and communicated with other parties at Plaintiff's [p]revious [m]arina without Plaintiff's permission.

(Compl. ¶¶ 90, 98.)

Without the benefit of Plaintiff's opposition to Defendant's motion to dismiss, there would be no way to know (1) what actions Defendant actually took in an attempt to "coerce Plaintiff into paying a debt which was not legitimately owed" (i.e., the debt collection proceeding, etc.), as opposed to what Defendant has allegedly done to other consumers, (2) what information about Plaintiff was relayed to third parties, and (3) when any of this occurred.

Indeed, Plaintiff's supports every count in his complaint with allegations concerning Defendant's general treatment of consumers. For example, in paragraph fifty-six of Count One (violation of § 5 of the FTC) Plaintiff states: "In numerous instances, . . . [Defendant] has represented to consumers . . . that the debts are valid and that consumers have an obligation to pay the debts[.]" (Compl. ¶ 56.) In paragraph fifty-eight of Count Two (violation of § 5 of the FTC), Plaintiff states: "In numerous instances, . . .

Page 10 - FINDINGS AND RECOMMENDATION

[Defendant] has demanded that consumers pay, in full or in part, debts that are beyond the statute of limitations." (Compl. ¶ 58.) In paragraph sixty-five of Count Three (violation of the FCRA), Plaintiff states: "In numerous instances, . . . [Defendant] has demanded that consumers pay, in full or in part, debts that are beyond the statute of limitations." (Compl. ¶ 58.)

*Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis. It is clear that the allegations in Plaintiff's complaint do not satisfy the facial plausibility standard articulated in *Twombly*. Accordingly, Defendant's motion to dismiss should be granted on the ground that Plaintiff's allegations fail to state a claim.

In addition to these factual deficiencies, there are legal deficiencies in Plaintiff's complaint that cannot be cured. Plaintiff brings claims under § 1681s-2(a) of the FCRA. (Compl. ¶¶ 66, 71.) However, § "1681s-2(a) does not provide a private right of action to a consumer." *Kayan v. Asset Acceptance, LLC*, No. CV 12-03610, 2013 WL 1010554, at *7 (C.D. Cal. Mar. 14, 2013); *see also* 15 U.S.C. § 1681s-2(c) ("Except as provided in section 1681(c)(1)(B) of this title [relating to actions brought by a state], section 1681n [civil liability for willful noncompliance] and 1681o [civil liability for negligent noncompliance] of this title do not apply to any violation of subsection (a) of this section").

Plaintiff brings claims for violation of the FTC Act. (Compl. ¶¶ 56-60.) "It is well established that the FTC Act does not create a private right of action for enforcement of the FTC Act."

Page 11 - FINDINGS AND RECOMMENDATION

*Wimbley v. Select Portfolio Servicing, Inc.*, No. 1:08-CV-939, 2009 WL 2045922, at *3 (M.D.N.C. July 9, 2009).

To the extent Plaintiff brings claims for violation of § 1681s-2(a) of the FCRA or violation of the FTC Act, Plaintiff's complaint should be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated, Defendant's motion (Docket No. 5) should be granted. Plaintiff should be given thirty days to amend his complaint in a manner consistent with this Findings and Recommendation and Rule 8(a). *See* FED. R. CIV. P. 8(a)("A pleading that states a claim for relief must contain . . . a *short and plain statement of the claim* showing that the pleader is entitled to relief") (emphasis added).

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **October 7, 2013.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **October 24, 2013.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 17th day of September, 2013.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge